UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXA KLINAKIS, JORDAN
KRAVERTZKY, NICOLE
WHITE, MATEO VELEZ,
LANEY HEIDRICH,
CLAUDIA RODRIGUEZ,
and ANGIE CIPRIANO,

    Plaintiffs,

v.                                         Case No.: 6:22-cv-1756-RBD-DAB

ALTUS JOBS, LLC and
SAUM DUSTIN SHARIFI,

    Defendants.
_____/

## PLAINTIFFS' REQUEST FOR ADDITIONAL TIME TO SERVE DEFENDANTS, PURSUANT TO ORDER [DE-17]

Plaintiffs, ALEXA KLINAKIS, JORDAN KRAVERTZKY, NICOLE WHITE, MATEO VELEZ, LANEY HEIDRICH, CLAUDIA RODRIGUEZ, and ANGIE CIPRIANO, by and through their undersigned counsel and pursuant to Order [DE-17], hereby respectfully request a forty-five (45) day extension of time to continue to attempt service of process upon Defendants ALTUS JOBS, LLC and SAUM DUSTIN SHARIFI. In support thereof, Plaintiffs state as follows:

### PROCEDURAL AND FACTUAL HISTORY

1.    On September 24, 2022, Plaintiffs filed their Collective and Class Action Complaint against Defendants, Altus Jobs, LLC ("Altus") and Saum Dustin Sharifi.

2.    On September 26, 2022, a Summons was issued as to all Defendants.

3.  On October 13, 2022, Plaintiffs filed their First Amended Collective and Class Action Complaint against Defendants. To the best of Plaintiffs' reasonable belief and understanding of Federal Rule of Civil Procedure 4(m), service was to be effectuated within ninety (90) days of the amended complaint (January 11, 2023).

4.  On or about October 17, 2022, Plaintiffs filed a new summons to be issued against the Defendants as a result of the First Amended Complaint.

5.  On October 19, 2022, the two new Summons were issued to Mr. Sharifi, individually, and Altus. The addresses provided in the summons are: (1) the known registered agent address of Altus Jobs, LLC—and where all Altus employees and Mr. Sharifi conduct business related to Altus—and (2) the most recent known residential address for Mr. Sharifi.

6.  Notably, Mr. Sharifi is both an individually named Defendant and is also the Registered Agent for Altus (a company he solely owns). Additionally, pursuant to the most recent corporate filings as of the date of this court-filing, it appears that Mr. Sharifi is not only the sole registered agent for Altus but is also the sole officer/director listed publicly on behalf of Altus.

7.  Unfortunately, Defendants have historically evaded service of process, purposefully thwarting service of process and causing Plaintiffs unnecessary expenses.

8.  Additionally, to provide this Court with recent history regarding Plaintiffs' and their counsel's experience with the Defendants, Mr. Sharifi (and/or others at his behest were recently under investigation for vandalism and other suspicious activity experienced by one or more of the class members to this action.

9. To provide example, one or more of the class members received threatening and ominous text messages from an "anonymous person" a mere few days after Defendants were initially provided notice of the instant action. Defendants (upon information and belief) stated to a class member: "You just ****** up big time. I'm coming for you. In ways you can't even imagine." Shortly thereafter, one or more class members were forced to file police reports and begin investigations for vandalism upon their vehicles and suspicious activities at their residential homes, to the point where the class members felt unsafe as a result of the text messages and violent vandalism.

 

*Exemplar Photos of a Class Member's Vandalized Vehicle (under investigation)*

10. Plaintiffs' class counsel is investigating these events, which were also under investigation by the local police authorities, as the safety of the class members, their homes, and their property is of the utmost importance as this litigation proceeds.

Plaintiffs anticipate that the investigation will be complete in the upcoming weeks and that the Plaintiffs will likely file a request for injunctive relief shortly thereafter.

11.     On or about January 11, 2023, Plaintiffs filed their "Response in Compliance with Order to Show Cause [DE-15] and Accompanying (1) Request for Additional Time to Serve Defendants and (2) Request for Service by Alternative Means" [DE-16].

12.     On January 13, 2023, this Court issued an Endorsed Order discharging the Order to Show Cause and advising Plaintiffs "to file any requests for additional time to serve as a separate motion." [DE-17].

13.     Plaintiffs file the instant motion in compliance with the Court's instructions presented in the Endorsed Court Order [DE-17].

## DEFENDANTS' INTENTIONAL EVASION OF SERVICE AND NEED FOR ADDITIONAL OPPORTUNITY TO SERVE DEFENDANTS

14.     Unfortunately, Plaintiffs' request for additional opportunity to serve Defendants stems from Mr. Sharifi's active and purposeful evasion of service both at his residence and at Altus (as the registered agent).

15.     On December 5, 2022, service was attempted upon Mr. Sharifi at his Meadow Crest Dr. address (residential address). No one appeared at the door; however, the process server indicated that someone was at the location as the trash was placed outside and there were lights visibly on inside the location.

16.     On December 6, 2022, service was attempted at Altus's principal place of business—its headquarters and known office-location of Mr. Sharifi pursuant to the due diligence investigation and knowledge of Plaintiffs and their counsel. When

service was attempted, pursuant to information provided by an employee who made contact with Plaintiffs' process server at Altus, there was no management or registered agent on site. The site at issue is the known and publicly listed address for Mr. Sharifi as Altus's registered agent (2600 Lake Lucien Dr., #109 Maitland, Fl 32751, United States).

17. On December 15, 2022, service was attempted at Mr. Sharifi's home. The lights were on inside but there was no answer.

18. On December 23, 2022, service was attempted at Mr. Sharifi's home. The lights were on inside but there was no answer.

19. On December 31, 2022, service was attempted at Mr. Sharifi's home. The home still appeared occupied but there was no answer.

20. On January 4, 2023, service was attempted at Mr. Sharifi's home. The home appeared to still be occupied but there was no answer.

21. On January 4, 2023, service was again attempted at Altus. At this point, there was no one at the reception desk and nobody responded to the doorbell. Plaintiffs' counsel had also previously provided the process server with various photos of Mr. Sharifi to assist them in locating his whereabouts.

22. On January 5, 2023, there was a final service attempt at Mr. Sharifi's home.

23. On January 5, 2023, Mr. Sharifi, individually, and Altus were considered non-served. *See Affidavits of Service DE-16-1*.

24. It is clear to the Plaintiffs that Defendants are intentionally concealing themselves to avoid service of this class and collective action lawsuit.

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. Pro. 4(m), a Defendant must be served within (90) days after a complaint is filed… "but if the plaintiff shows good cause for the failure, the court <u>must</u> extend the time for service for an appropriate period." Fed. R. Civ. Pro. 4(m) (emphasis added). Good causes exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (Fla. 11th Cir. Ct. 2007). However, <u>even in the absence of good cause</u>, a district court has the discretion to extend the time for service of process. *Id.* (emphasis added). The 11th Circuit Court of Appeals has held that "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court <u>must</u> still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exists may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.* at 1282 (emphasis added).

As this Court has stated, "even in the absence of good cause, the Court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Puello v. Mendez*, No. 5:20-cv-198-Oc-34PRL, 2020 U.S. Dist. LEXIS 240022, at *6 (M.D. Fla. Dec. 18, 2020) (citing Fed. R. Civ. Pro. 4(m), Advisory Committee Note, 1993 Amendments). This relief may be justified if for example, the "Defendant is evading service or conceals a defect in attempted service." *Id.*

I. **Good cause exists for an extension of time to serve the Defendants as Mr. Sharifi purposely evades service; as such, an extension of time is warranted to continue attempting service.**

Here, good cause exists warranting an extension for Plaintiffs to provide Defendants with service of process as there are unfortunate reasons as to why Defendants could not have been served to date—Defendants' deliberate evasion of service of process. Since the filing of Plaintiffs' Amended Complaint, there have been diligent attempts to serve Mr. Sharifi (individually and as Altus' registered agent) at two different locations: at his last known residence[1] and Mr. Sharifi's place of business, which is also the registered agent address (for himself) at the Altus Jobs, LLC main office. At times, service was also attempted *twice within* the same day, in different locations, to no avail.

Further, upon intelligence received by Plaintiffs, the undersigned was advised that Mr. Sharifi had indeed been present (in a back office) at the Altus Jobs, LLC location listed as the registered agent address, *while service was being attempted by the process server*, contrary to the information expressly provided to the process server by an Altus employee. Moreover, upon information and belief, it is likely that Saba Sharifi, relative of Mr. Sharifi, was one of the persons who advised the process server that there was no registered agent or management personnel for Altus on site. This was completely and purposely false, as (A) upon information and belief, Mr. Sharifi was indeed present at the office while Plaintiffs attempted to effectuate service, and (B)

---

[1] Upon information and belief this is the current address of Mr. Sharifi and was listed on his driver's license to the best of Plaintiffs' knowledge and investigation.

upon information and belief, Mr. Saba Sharifi himself was also a manager at Altus (yet he stated that no management/leadership was present at the office).

Having attempted service at least seven (7) times, it is evident that Defendants have not been served through no fault of Plaintiffs. Plaintiffs have not been negligent, nor have they lacked diligence in attempting to serve Mr. Sharifi individually or as registered agent of Altus. Instead, similar to this firm's previous lawsuits against Defendants, Mr. Sharifi is purposely hiding and evading service of process both at Altus and his home. Thus, based on the facts of the case and Mr. Sharifi's purposeful evasion of service, an extension of time in the amount of forty-five (45) days to serve Defendants should be granted as there is good cause reason to permit the Plaintiffs to effectuate service.

*[Intentionally Left Blank]*

**WHEREFORE**, due to Mr. Sharifi intentionally concealing his whereabouts (as an individual, as registered agent for Altus, and as the sole officer and director of Altus) and intentionally evading service of process, Plaintiffs respectfully request that this Court allow an extension of time to continue to attempt service of process within the next forty-five (45) days of an Order granting the same, with such further relief this Court deems just and proper.

Respectfully submitted this 18th day of January 2023:

            **éclat Law, P.A.**

            */s/ Jolynn M. Falto*
            **Kevin K. Ross-Andino, FBN 66214**
            kevin.ross@eclatlaw.com
            **Jolynn M. Falto, FBN 1002743**
            jfalto@eclatlaw.com
            **Nicola J. Pappas, FBN 126355**
            nikki.pappas@eclatlaw.com
            **Crisol Lopez Palafox, FBN 1031282**
            crisol.lopezpalafox@eclatlaw.com

            307 Cranes Roost Blvd. Suite 2010
            Altamonte Springs, Florida 32701
            Phone: (407) 636-7004
            *Counsel for Plaintiffs and the class/collective action members.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court this 18th day of January 2023 by using the Federal Case Management/Electronic Case Files System (CM/ECF System). Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the CM/ECF Electronic Service List, via transmission of Notices of Electronic Filing generated by the CM/ECF System

                                    */s/ Jolynn M. Falto*
                                    Jolynn M. Falto, Esq.