# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ALEXA KLINAKIS; JORDAN KRAVETZKY; NICOLE WHITE; MATEO VELEZ; LANEY HEIDRICH; CLAUDIA RODRIGUEZ; and ANGIE CIPRIANO,

    Plaintiffs,

v.

ALTUS JOBS, LLC and SAUM DUSTIN SHARIFI,

    Defendants.

Case No. 6:22-cv-1756-RBD-RMN

## **REPORT AND RECOMMENDATION**

This matter has been referred to me to conduct a preliminary pretrial conference (Dkt. 67). I held a preliminary pretrial conference with the parties in person on September 18, 2023 ("Conference"). Dkt. 69. As discussed in more detail below, based on my discussion with the parties, I recommend that the Court enter a Case Management and Scheduling Order that sets deadlines for motions for class certification, expert discovery, and dispositive and other pretrial motions.

## I. BACKGROUND

Plaintiffs filed their initial complaint on September 24, 2022. Dkt. 1. The operative "Collective and Class Action Complaint" against Defendants was filed nearly eight months later, in May 2023. Dkt. 47. In that complaint, Plaintiffs bring unpaid wage claims under the Fair Labor Standards Act ("FLSA") (Count I), FLSA retaliation claims (Count II), claims that Defendants unlawfully reduced Plaintiffs' wages under 28 C.F.R. § 531.35 (Count III), and unjust enrichment claims (Count IV). Dkt. 47.

On September 1, 2023, Plaintiffs filed a status report and requested a case management conference. Dkt. 65. In the status report, Plaintiffs relayed the parties' difficulties with reaching an agreement regarding typical case management report deadlines. *Id.* at 1–2. At the Conference, the undersigned discussed the progress of the case, the parties' discovery needs, along with general recommendations for the remaining milestones in the matter. I also advised the parties at the Conference that the Court's stay of discovery is lifted and that the parties should proceed apace with discovery.

Based on the status report (Dkt. 65) and the parties' arguments and representations made at the Conference, I respectfully recommend providing the parties with time to conduct class discovery, imposing a deadline for motions for class certification, providing the parties additional time for fact and expert discovery, and finally setting the remaining deadlines in the Court's

standard case management order. My recommendation for class discovery is informed by the parties' representations that there may be some need for Defendant to depose a significant number of workers because the claims may be based largely on the testimony of Plaintiffs and potential class members. To accommodate this need, I respectfully recommend that the Court grant Defendants leave to depose up to 15 individuals. The parties have also identified some records that may inform the question of how each plaintiff and potential class members were compensated, and so some written discovery is necessary before class certification.

Plaintiffs advised that, because of the nature of their claims, they intend to file two motions for class certification—one for a collective action, one for a class action—that contemplate service of a single, combined notice on potential class members. The parties believe the class will be between forty and sixty members.

I also recommend the Court permit the parties to conduct additional fact and expert discovery following class certification. The parties indicate they will likely engage a small number of experts to opine on specific aspects of Plaintiffs' wage and hour claims, as well as Plaintiffs' compensation. So, I recommend setting expert discovery deadlines as well.

Defendants advised at the Conference that they are considering whether to assert non-compete claims against certain Plaintiffs. To accommodate that

issue, I respectfully recommend setting a deadline by which to amend the pleadings and add parties.

Plaintiffs requested that the Court assign this case to a magistrate judge for mediation in lieu of the Court's standard requirement for the parties to engage a private mediator. Plaintiffs have mediated claims against Defendants in the past and believe private mediation would not be successful. Nevertheless, I recommend the Court impose a mediation requirement on the parties. Even if private mediation is not successful, it would be a useful venue for the parties to exchange information about the strengths and weaknesses of their case.

In sum, based on the status report (Dkt. 65) and the parties' arguments and representations made at the Conference, I respectfully recommend setting the following case management deadlines.

## II. PROPOSED CASE MANAGEMENT DEADLINES

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | N/A |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/2/2023 |
| Deadline for completing class discovery. | 1/18/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | 2/1/2024 |

| Action or Event | Date |
|---|---|
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/1/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). <br> Plaintiff <br> Defendant <br> Rebuttal | <br><br>6/3/2024<br>6/3/2024<br>7/1/2024 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 8/21/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | 7/29/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 11/15/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 11/25/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 12/1/2024 |
| Month and year of the trial term. | January 2025 |

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party

may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

    **Entered** in Orlando, Florida, on September 21, 2023.

                                                  _____
                                                         ROBERT M. NORWAY
                                                         *United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record